```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF CHARLESTON
                      CHARLESTON DIVISION
                         IN ADMIRALTY
```

Umaru Yakubu and Kwabena )
Boakye,                  )
                         )
    Plaintiffs,          )
                         )
vs.                      )    CIVIL ACTION 2:09-1110-CWH
                         )
M/V DUBLIN EXPRESS,      )
(Lloyd's No. 9232577) and)
M/V GLASGOW EXPRESS,     )
their engines, boilers,  )         (Non Jury)
tackle, furniture,       )
equipment, freights and  )
apparel, *in rem*, and Zim )
Integrated Shipping      )
Services, LTD, World     )
Cargo Transport, Inc.,   )
Anchor Freight Services, )
Inc., and Signature      )
Distributors, Inc., *in* )
*personam*,              )
                         )
    Defendants.          )
_____)

## PLAINTIFFS' VERIFIED COMPLAINT

COME NOW Umaru Yakubu and Kwabena Boakye, Plaintiffs in the above captioned action, and complaining of Defendants, show this Honorable Court as follows:

1. This is a case of damage/loss/misdelivery of 2 ocean shipping containers of automobiles and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure; Plaintiff invokes the admiralty jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1333(1).

2.  This case is governed by statutes of the United States, the general maritime law of the United States, and laws supplemental thereto and amendatory thereof.

3.  The subject cargoes were loaded onto the Defendant vessels at the Port of Charleston for ocean carriage to ports in Africa.

4.  On information and belief, the M/V DUBLIN EXPRESS ("Defendant vessel") is now, or will be during the pendency of this action, within the District of South Carolina and within the jurisdiction of this Court.

5.  On information and belief, the M/V GLASGOW EXPRESS ("Defendant vessel") is now, or will be during the pendency of this action, within the District of South Carolina and within the jurisdiction of this Court.

6.  Plaintiff Umaru Yakubu is a resident of Charlotte, North Carolina.

7.  Plaintiff Kwabena Boakye is a citizen and resident of Charlotte, North Carolina.

8.  On information and belief at all times material hereto, Zim Integrated Shipping Services, LTD, was and is a foreign corporation formed under and existing by virtue of the laws of a jurisdiction other than South Carolina, with places of business in Mt. Pleasant, SC and Norfolk, VA.

9.  On information and belief at all times material hereto, World Cargo Transport, Inc., was and is a foreign corporation authorized to do business in South Carolina, and actually doing business in South Carolina, with a place of business at 3601 Meeting Street Road, North Charleston, SC 29405.

10. On information and belief at all times material hereto, Anchor Freight Services, Inc., was and is a foreign

corporation formed under and existing by virtue of the laws of a jurisdiction other than South Carolina, with a place of business at 435 Lakehill Court, Alpharetta, GA 30022.

11. On information and belief at all times material hereto, Signature Distributors, Inc., was and is a foreign corporation formed under and existing by virtue of the laws of a jurisdiction other than South Carolina, with a place of business at 940 Thomasboro Drive, Charlotte, NC 28214.

12. On information and belief at all times material Defendants held themselves out to the public as ocean carriers, foreign freight forwarders, NVOCCs, consolidators, intermodal carriers, export packers, shipping agents, and/or export shipping professionals.

13. On or about May 9, 2008 Plaintiff Kwabena Boakye booked with Defendants (booking number ORF242636) the shipment of 4 automobiles aboard the M/V DUBLIN EXPRESS in container ZCSU8412766 from Charleston, SC to Tema, Ghana ("first shipment").

14. Plaintiff Kwabena Boakye prepaid the freight for the first shipment.

15. On or about May 29, 2008 Defendants issued Bill of Lading 017163 for the first shipment of 4 automobiles aboard the M/V GLASGOW EXPRESS in container ZCSU8412766 from Charleston, SC to Tema, Ghana ("first shipment").

16. Due to the negligence, delicts, or fault of Defendants, the cargo in the first shipment never arrived at Tema.

17. On information and belief the first shipment is a total loss.

18. As a direct and proximate result of the negligence, delicts, or fault of Defendants and loss of the first shipment, Plaintiff Kwabena Boakye has lost cargo with a

3

sound landed value of $74,000.

19. On or about May 12, 2008, Plaintiff Umaru Yakubu booked with Defendants (booking number ORF242619) the shipment of 4 automobiles and 8 boxes of ceramic cups and plates in container FSCU6301968 from Charleston, SC to Cotonou, Benin ("second shipment").

20. Plaintiff Umaru Yakubu prepaid the freight for the second shipment.

21. On or about May 23, 2008 Defendants issued Bill of Lading 017389 for the second shipment of 4 automobiles and 8 boxes of ceramic cups and plates aboard the M/V GLASGOW EXPRESS in container FSCU6301968 from Charleston, SC to Cotonou, Benin.

22. Due to the negligence, delicts, or fault of Defendants, the cargo in the second shipment never arrived at Cotonou.

23. On information and belief the second shipment is a total loss.

24. As a direct and proximate result of the negligence, delicts, or fault of Defendants and loss of the second shipment, Plaintiff Umaru Yakubu has lost cargo with a sound landed value of $61,000.

25. On information and belief, at or about May, 2008 one or more Defendants "double booked" a third container of automobiles for an unrelated party for shipment to a port in West Africa ("third shipment").

26. On information and belief this third shipment was "double booked" with booking numbers and/or dock receipt numbers and/or bill of lading numbers and/or shipping details which were duplicates of those for the first shipment and/or the second shipment.

27. This practice of "double booking" the third shipment with

confusing booking numbers and/or dock receipt numbers and/or bill of lading numbers and/or shipping details, caused actual confusion.

28. On information and belief Defendants engaged in this scheme of "double booking" in hopes of obtaining free shipping for the third shipment.

29. While the first, second, and third shipments were en route, Defendants argued among themselves, issued "corrected" Bills of Lading, sent many emails, made many excuses, and attempted to blame each other for the "double bookings."

30. On information and belief Defendants engaging in this scheme of "double booking" did in fact obtain free shipping for the third shipment, which was delivered to destination without payment of any ocean freight.

31. On information and belief one or more Defendants profited from this scheme of "double booking."

32. This practice of "double booking" proximately caused total loss of the first shipment and the second shipment.

## FOR A FIRST CAUSE OF ACTION
(Negligence)

33. The above allegations are restated as if set forth herein verbatim.

34. At all times material hereto, Defendants owed duties to Plaintiffs to exercise reasonable care to book, load, stow, and carry the cargo to the agreed destinations and deliver the cargo as agreed.

35. Defendants breached said duties of reasonable care in the following particulars:

    a.  failing to properly book the cargo;

    b.  failing to carry the cargo to the agreed destinations;

    c.  failing to deliver the cargo;

    d.  failing to deliver the cargo as agreed;

    e.  engaging in transshipment and/or deviation from the agreed carriages;

    f.  failing to properly complete the Booking Notes, Dock Receipts, Bills of Lading, and/or other shipping documents which controlled carriage of the cargo;

    g.  other acts or omissions, negligence, or fault which may come to light during discovery or which may be shown upon the trial of this matter.

36. Defendants' said breaches of duty directly and proximately caused Plaintiff Umaru Yakubu's losses of $61,000.00 as best it can be determined at this time.

37. Defendants' said breaches of duty directly and proximately caused Plaintiff Kwabena Boakye's losses of $74,000.00 as best it can be determined at this time.

38. As a direct and proximate result of Defendants' said negligence Plaintiffs have incurred and will in the future

incur attorneys' fees to prosecute this claim, all of which was foreseeable by Defendants.

39. As a direct and proximate result of Defendants' said negligence, Plaintiffs have incurred and will in the future incur a filing fee of $350, a United States Marshal's Service deposit of $5,000, and other costs of this action.

40. There exist in this case no exceptional circumstances which would preclude an award of pre-judgment interest in accordance with the general rule in admiralty property damage claims.

41. As a direct and proximate result of Defendants' said negligence, Plaintiffs are informed and believe that they are entitled to pre-judgment interest on damages in this action.

42. Plaintiffs are informed and believe the legal rate of interest for pre-judgment claims in South Carolina is 8.75% per annum. *S.C. Code Ann.* § 34-31-20(A).

## FOR A SECOND CAUSE OF ACTION
(Breach of Contract)

43. The above allegations are restated as if set forth herein verbatim.

44. Plaintiffs contracted with Defendants to carefully load, stow, and carry Plaintiffs' cargo to the agreed

7

destinations, by an agreed means of ocean carriage, for agreed payments.

45. Plaintiffs paid Defendants, tendered the cargo in good order and condition, and fully performed under said contracts.

46. Defendants materially breached said contracts of carriage, deviated materially from the agreed means of ocean carriage, and diverted, misplaced, and/or lost Plaintiffs' cargo.

47. Defendants' said breaches of duty directly and proximately caused Plaintiff Umaru Yakubu's losses of $61,000.00 as best it can be determined at this time.

48. Defendants' said breaches of duty directly and proximately caused Plaintiff Kwabena Boakye's losses of $74,000.00 as best it can be determined at this time.

49. As a direct and proximate result of Defendants' said material breaches of contract Plaintiffs have incurred and will in the future incur attorneys' fees to prosecute this claim, all of which was foreseeable by Defendants.

50. As a direct and proximate result of Defendants' said material breaches of contract, Plaintiffs have incurred and will in the future incur a filing fee of $350, a United

   States Marshal's Service deposit of $5,000, and other costs of this action.

51. There exist in this case no exceptional circumstances which would preclude an award of pre-judgment interest in accordance with the general rule in admiralty property damage claims.

52. As a direct and proximate result of Defendants' said material breaches of contract, Plaintiffs are informed and believe that they are entitled to pre-judgment interest on damages in this action.

53. Plaintiffs are informed and believe the legal rate of interest for pre-judgment claims in South Carolina is 8.75% per annum. *S.C. Code Ann.* § 34-31-20(A).

54. One or more Defendants, in participating in the said "double booking" scheme, breached their contracts with Plaintiffs so that said breaches of contracts were accompanied by one or more fraudulent acts.

55. Due to Defendants' breaches of contracts accompanied by one or more fraudulent acts, Plaintiffs are entitled to an award of punitive damages against Defendants participating in the said "double booking" scheme.

<u>FOR A THIRD CAUSE OF ACTION</u><br>(Breach of Bailment for Mutual Benefit)

56. The above allegations are restated as if set forth herein verbatim.

57. Plaintiffs and Defendants entered into bailments for mutual benefit of Plaintiffs' automobiles and other goods, under which Defendants undertook a duty to protect Plaintiffs' automobiles and other goods.

58. Plaintiffs tendered to Defendants Plaintiffs' automobiles and other goods in good order and condition, prepaid agreed amounts of freight, and fully performed the bailment agreements.

59. Defendants materially breached said bailment agreements by failing to safeguard and protect Plaintiffs' automobiles and other goods.

60. As a direct and proximate result of Defendants' said failure to safeguard and protect Plaintiffs' automobiles and other goods, they are a total loss and Plaintiffs have losses as aforesaid totaling $135,000 as best they can be determined at this time.

61. As a direct and proximate result of Defendants' said material breaches of Defendants' bailment duties, Plaintiffs have incurred and will in the future incur attorneys' fees to prosecute this claim, all of which was foreseeable by Defendants.

62. As a direct and proximate result of Defendants' said material breaches of Defendants' bailment duties, Plaintiffs have incurred and will in the future incur a filing fee of $350, a United States Marshal's Service deposit of $5,000, and other costs of this action.

63. There exist in this case no exceptional circumstances which would preclude an award of pre-judgment interest in accordance with the general rule in admiralty property damage claims.

64. As a direct and proximate result of Defendants' said breach of bailment duties, Plaintiffs are informed and believe that they are entitled to pre-judgment interest on damages in this action.

65. Plaintiffs are informed and believe the legal rate of interest for pre-judgment claims in South Carolina is 8.75% per annum. *S.C. Code Ann.* § 34-31-20(A).

FOR A FOURTH CAUSE OF ACTION
(Unfair Trade Practices)

66. The above allegations are restated as if set forth herein verbatim.

67. Defendants are export shipping professionals.

68. At all times material Defendants held themselves out to the public as export shipping professionals who could handle

the transportation of goods by steamship from Charleston, South Carolina to Tema, Ghana and Cotonou, Benin.

69. Defendants undertook to handle for Plaintiffs the transportation of Plaintiffs' automobiles and other goods by steamship from Charleston, South Carolina to Tema, Ghana and Cotonou, Benin.

70. Defendants used unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the South Carolina Unfair Trade Practices Act, *S.C. Code Ann.* § 39-5-10 *et seq.* ("the Act").

71. In particular, Defendants' employment of the said "double booking" scheme was an unfair and deceptive act and practice in the conduct of international trade and commerce in violation of the Act.

72. Said acts or practices, including participation in the "double booking" scheme, have adversely affected the public financially, are subject to repetition, and adversely affect the public interest.

73. As a direct and proximate result of said use of unfair or deceptive acts or practices, Plaintiffs suffered actual loss of their automobiles and other goods with a sound landed value totaling $135,000.00 as best it can be determined at this time.

74. Defendants' said violations were willful or knowing violations.

75. Due to Defendants' willful or knowing violations, Plaintiffs are entitled to treble damages and an award of attorneys' fees and costs.

FOR A FIFTH CAUSE OF ACTION
(Foreclosure of Maritime Lien)

76. The above allegations are restated as if set forth herein verbatim.

77. At the time of deviation of the vessel and/or at the time of loss/misdelivery of Plaintiffs' cargo of automobiles and other goods, first priority maritime lien(s) arose as a matter of law against the Defendant vessel(s) on which the goods were shipped in the amount of the total sound landed value of the cargo lost, plus prejudgment interest and costs of the action.

78. Plaintiffs are entitled to foreclosure of said maritime lien(s) against the Defendant vessel(s) in the instant action, sale of the Defendant vessel(s) at public sale, and satisfaction of the full amount of said maritime lien(s) from the sale proceeds, and deficiency judgment(s) against Zim Integrated Shipping Services, LTD.

PLAINTIFFS' PRAYER

WHEREFORE, by reason of the foregoing, Plaintiffs pray that summons issue citing Defendants to appear and answer the aforesaid matters, that process in due form of law according to the practice of this Court in cases of Admiralty and Maritime Jurisdiction issue against Defendant vessels, their engines, etc., that Defendant vessels be seized and sold to pay any judgment herein, that judgment be rendered for Plaintiffs and against Defendants in the true and absolute sum of $135,000.00, plus compensatory, consequential, special, and general damages, treble damages, punitive damages, pre-judgment interest at the legal rate of 8.75% per annum, *in custodia legis* expenses, attorneys' fees, and costs of this action, and that this Court award Plaintiffs any other amount and grant Plaintiffs any other relief that may be proven or that justice may require.

RESPECTFULLY SUBMITTED:

JOHN HUGHES COOPER, P.C.

By: /s/John Hughes Cooper
JOHN HUGHES COOPER, ESQUIRE
    Federal Court ID 298
    South Carolina Bar 1387
    State Bar of Georgia 185986
1808 Middle Street
Post Office Box 395
Sullivan's Island, SC 29482
843-883-9099; fax 843-883-9335
shiplaw@jhcooper.com

and

Frank E. Billings, Esquire
Billings & Solomon, PLLC
460 Riviana Building
2777 Allen Parkway
Houston, TX 77019-2129
713-528-2111; fax 713-528-0980

ATTORNEYS FOR PLAINTIFFS,
UMARU YAKUBU AND KWABENA BOAKYE

V E R I F I C A T I O N

    COMES NOW, Umaru Yakubu who deposes and says:

a) My name is Umaru Yakubu, I am a resident of North Carolina, over 18 years of age, and of sound mind.

b) I have read the foregoing PLAINTIFFS' VERIFIED COMPLAINT and know the contents thereof and the same are true to the best of my knowledge, except as to the matters therein stated to be on information and belief, and as to those matters I believe them to be true.

c) The sources of my information and the grounds of my belief are my personal knowledge and documents in my possession. Further affiant sayeth naught.

                                      /s/Umaru Yakubu
                                      Umaru Yakubu

        Sworn to and subscribed
        before me this 24th day
        of April 2009.

        /s/  Jacqueline Stewart
(SEAL)   Notary Public for North
        Carolina; My Commission
        Expires: 21st June, 2010

## V E R I F I C A T I O N

COMES NOW Kwabena Boakye, who deposes and says:

d) My name is Kwabena Boakye, I am a citizen and resident of North Carolina, over 18 years of age, and of sound mind.

e) I have read the foregoing PLAINTIFFS' VERIFIED COMPLAINT and know the contents thereof and the same are true to the best of my knowledge, except as to the matters therein stated to be on information and belief, and as to those matters I believe them to be true.

f) The sources of my information and the grounds of my belief are my personal knowledge and documents in my possession. Further affiant sayeth naught.

/s/Kwabena Boakye
Kwabena Boakye

Sworn to and subscribed
before me this <u>24th</u> day
of April 2009.

(SEAL)   <u>/s/  Jacqueline Stewart</u>
Notary Public for North
Carolina; My Commission
Expires:<u>21st June, 2010</u>